PHILLIPS H. LORD, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

PHILLIPS H. LORD, INC., PETITIONER, *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

Docket Nos. 107745, 107746.    Promulgated December 16, 1942.

*Hobart L. Brinsmade, Esq.*, and *Bernard Sobol, Esq.*, for the petitioners.

*Conway N. Kitchen, Esq.*, for the respondent.

**OPINION.**

SMITH, *Judge:* We consider the first question whether Phillips H. Lord, Inc., is entitled to deduct from its gross income of 1937 $14,769 paid to the Phillips H. Lord, Inc., pension trust. In the deficiency notice the respondent disallowed the deduction "for the reason that it is not deductible under any provision of the Revenue Act of 1936, as

amended." In his brief he relies upon the following points in support of his claim that the amount is not a legal deduction:

(a) Phillips H. Lord was the petitioner corporation's President and Treasurer, as well as one of its three Directors.

(b) Phillips H. Lord owned all of the petitioner corporation's issued and outstanding voting stock.

(c) Phillips H. Lord was the principal beneficiary under the so-called pension trust.

(d) The so-called pension trust fund was not for the exclusive benefit of the employees.

The substance of his argument is that the pension trust:

* * * was not created for the *exclusive benefit* of the corporation's employees within the meaning of section 165. From the date of its incorporation in 1936, Phillips H. Lord has been the corporation's President and Treasurer as well as one of its three directors. In addition, Phillips H. Lord owned at all times all of the corporation's issued and outstanding voting stock.

In view of those facts and since $9,750 out of the said $14,769.00 was used to purchase contracts for the benefit of Phillips H. Lord, it becomes apparent that the trust was created primarily for his benefit and that, therefore, it was not for the exclusive benefit of the corporation's employees as prescribed by section 165. * * *

It will be noted that the respondent does not now contend that the entire amount of $14,769 should be disallowed as a deduction from gross income, but only $9,750 thereof. The respondent's argument appears to be that, since Lord owned all of the stock of the corporation, it is not entitled to deduct from gross income the $9,750 which was used by the trustees of the pension trust to acquire an annuity contract for Lord.

There is no question in these proceedings but that Phillips H. Lord, Inc., is a separate taxable entity from Phillips H. Lord. The respondent does not contend otherwise. The corporation reported a net income for 1937 of $41,438.56. The respondent has simply added to this net income certain amounts in producing a net income adjusted of $57,746.56, upon which the tax deficiency of the corporation has been determined.

Phillips H. Lord was an employee of the corporation. He was its principal employee and received the largest amount of compensation. The total amount of compensation paid him in 1937 was $65,000. We have found that the $9,750 paid by the corporation to the trustees of the pension trust for the acquisition by them of an annuity contract for Lord, when added to the $65,000 salary paid, was not in excess of reasonable compensation for services actually rendered by him to the corporation for 1937.

Under section 23 (a) of the Revenue Act of 1936 a taxpayer is entitled to deduct from gross income "All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or

other compensation for personal services actually rendered." Section 23 (p) permits the deduction from gross income of an additional amount paid to a pension trust and provides that such amounts shall be "in addition to the contributions to such trust during the taxable year to cover the pension liability accruing during the year, allowed as a deduction under subsection (a) of this section." The provision of this subdivision for additional allowances is not apposite in this case. Section 165 of the Revenue Act of 1936 is as follows:

SEC. 165. EMPLOYEES' TRUSTS.

A trust created by an employer as a part of a stock bonus, pension, or profit-sharing plan for the exclusive benefit of some or all of his employees, to which contributions are made by such employer, or employees, or both, for the purpose of distributing to such employees the earnings and principal of the fund accumulated by the trust in accordance with such plan, shall not be taxable under section 161, but the amount actually distributed or made available to any distributee shall be taxable to him in the year in which so distributed or made available to the extent that it exceeds the amounts paid in by him. Such distributees shall for the purpose of the normal tax be allowed as credits against net income such part of the amount so distributed or made available as represents the items of interest specified in section 25 (a).

In support of his contention that the $9,750 here in question is not a legal deduction from the corporation's gross income, the respondent cites *W. F. Parker*, 38 B. T. A. 989, which involved the taxability to W. F. Parker of amounts paid by a corporation to trustees and used by them to purchase annuity and insurance contracts for his benefit. Parker was president of that corporation and owned 97 shares out of a total of its 120 shares of stock issued and outstanding. The Board held in the circumstances of the case that the trust was created primarily for the benefit of Parker, the controlling stockholder of the corporation. He had the entire say as to who should come within the provisions of the pension plan. As manager of the pension trust and in the exercise of his absolute discretion, Parker awarded to himself in the event of his death before attaining the age of 65 the sum of $25,000, and in the event he lived to attain the age of 65 the sum of $250 a month as long as he might live, with 120 such payments guaranteed. The Board held that this was not a pension trust within the meaning of section 165 of the Revenue Act of 1934. The facts in the instant proceedings are entirely different. Under the pension trust agreement Lord was to be compensated upon exactly the same basis as all of the other permanent employees. An amount equaling 15 percent of the annual salary of each employee was paid to the insurance company as a premium on the annuity contract.

In *Raymond J. Moore*, 45 B. T. A. 1073, the Board held that a pension trust which provided for the benefits to be paid to officer stockholders of the corporation may be a true pension trust within the meaning of section 165 of the Revenue Act of 1936. In that case the

R. E. Funsten Co. adopted a pension trust for its officers and employees in 1937, under which payments were to be made annually by the company to the trustee for the payment of annuities to its officers and employees who had arrived at the age of 65 years. Ten of the officers and employees comprising the executive personnel of the company were selected for participation in the plan. The Board held that the total amount paid to the trustee of the pension trust, so far as it related to annuities to be paid to superannuated employees, was deductible from the gross income of the corporation, but not the amount which was paid to the trustee for the purpose of acquiring insurance for the employees. In the instant proceedings no part of the amount which went to purchase annuity contracts was for life insurance. We hold that the respondent erred in disallowing the deduction from the gross income of the corporation of any part of the $14,769 paid to the trustees of the pension trust during the year 1937.

Since we hold that the entire amount of $14,769 is a legal deduction from the corporation's gross income under section 23 (a) of the Revenue Act of 1936, we likewise hold that the petitioner erred in including in undistributed net income of the corporation the $14,769 in question.

The third question is whether Phillips H. Lord, individually, is taxable upon $9,750 of the income of the corporation which was used by the trustees of the pension trust in acquiring an annuity contract for Phillips H. Lord. Did he receive taxable income in 1937 of the $9,750 in question? We hold that he did not. Lord was an employee of the corporation throughout the year 1937. The annuity contract that was purchased by the trustees of the pension trust for his benefit was not turned over to him in 1937. Under section 165 it is specifically provided that "the amount actually distributed or made available to any distributee shall be taxable to him in the year in which so distributed or made available to the extent that it exceeds the amounts paid in by him." Since no amount was distributed to Lord or made available to him in 1937, in addition to his salary of $65,000 per year, he is not taxable in 1937 upon any part of the $9,750 in question.

*Decisions will be entered under Rule 50.*