D. D. HUBBELL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ELIAS F. WILDERMUTH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 3322, 3323. Promulgated April 17, 1944.

*S. U. Robinson, Esq.*, and *J. I. Boulger, Esq.*, for the petitioners.
*W. W. Kerr, Esq.*, for the respondent.

OPINION.

HARRON, *Judge*: The issue in these proceedings is whether amounts paid under so-called employees' trusts by the Optical Co. during the taxable year for premiums upon annuity contracts on the lives of petitioners constitute taxable income to petitioners under section 22 (a) of the Internal Revenue Code. The determination of the issue involves the question as to whether the trusts created by the Optical Co. for petitioners are within the purview of section 165 of the Internal Revenue Code.[1] That section has been amended by the Revenue Act of 1942, but the amendment has no retroactive effect upon the taxable year in these proceedings.

---

[1] SEC. 165. EMPLOYEES' TRUSTS. [Prior to amendment by sec. 162 of the Revenue Act of 1942.]

A trust forming part of a stock bonus, pension, or profit-sharing plan of an employer for the exclusive benefit of some or all of his employees—

    (1) if contributions are made to the trust by such employer, or employees, or both, for the purpose of distributing to such employees the earnings and principal of the fund accumulated by the trust in accordance with such plan, and

    (2) if under the trust instrument it is impossible, at any time prior to the satisfaction of all liabilities with respect to employees under the trust, for any part of the corpus or income to be (within the taxable year or thereafter) used for, or diverted to, purposes other than for the exclusive benefit of his employees,

shall not be taxable under section 161, but the amount actually distributed or made available to any distributee shall be taxable to him in the year in which so distributed or made available to the extent that it exceeds the amounts paid in by him. Such distributees shall for the purpose of the normal tax be allowed as credits against net income such part of the amount so distributed or made available as represents the items of interest specified in section 25 (a).

Petitioners contend that the two trusts created by the Optical Co. comply with the literal requirements of section 165, since they were for the exclusive benefit of "some or all" of the Optical Co.'s employees. They argue that the word "some" represents an indefinite number which should be interpreted as meaning "two or more." They maintain that this interpretation is in accord with the legislative intent as shown by the fact that the 1942 amendment requires the inclusion of a minimum percentage of employees in order that a trust might qualify as tax exempt under section 165. In support of their contention, they cite and rely upon *Raymond J. Moore*, 45 B. T. A. 1073, and *Phillips H. Lord*, 1 T. C. 286.

Respondent contends that the trusts for petitioners are not employees' trusts within the meaning and intent of section 165 and that the premiums paid on the annuity policies by the Optical Co. represent additional compensation to petitioners and taxable income to them under section 22 (a).

The legislative history of section 165 has been discussed in *Oscar A. Olstad*, 32 B. T. A. 670. Its undoubted purpose was to encourage employers to share profits with their employees and to provide a measure of security for their employees by means of pensions when the earning power of the employee has decreased or ended. *W. F. Parker*, 38 B. T. A. 989. To encourage this laudable purpose it was provided that if a trust qualified under section 165 the employer was allowed a deduction on its income tax return to provide for the payment of reasonable pensions to its employees, and the employees were allowed to defer the payment of tax on the amounts contributed by the employer for their benefit until they received payments under the pension plan. Because of these benefits to both employer and employee, in determining whether a trust qualifies as tax exempt under section 165 it is necessary to scrutinize the details of the plan, its method of operation, and the circumstances under which the plan is actually carried out. The pension plan must be bona fide, for the exclusive benefit of the employee, and with the intent on the part of the employer to provide retirement benefits to its employees. A so-called pension plan, however, may be merely a device to pay employees additional compensation, with the tax on such compensation deferred until a later date. This is particularly so where the plan only provides retirement benefits for a few key executives or officers.

Upon due consideration of all the facts of these proceedings, it is our opinion that these trusts do not qualify as tax exempt trusts under section 165. The Optical Co. had approximately 350 employees in the taxable year. Since its inception, it has never had a written program or definite plan under which its employees generally might

secure retirement or pension benefits. It has never provided these benefits to any of its employees other than the petitioners, who were stockholders of the company and its principal officers. Petitioners were the only officer-stockholders of the Optical Co.

We do not believe that it was ever the legislative intent to allow trusts such as these to qualify as tax-exempt under section 165. In our opinion, the creation of the trusts and the purchase of the annuity contracts by the Optical Co. was a device to provide additional compensation to petitioners, with the tax on such compensation deferred, rather than a plan to provide for their future security. If this were not the case, it is difficult to understand why the Optical Co. deferred payments of premiums under the annuity policies in subsequent years at a time when they were paying cash bonuses to petitioners.

Were it not for the creation of the trusts in these proceedings, the factual situation here would be similar to that in *Renton K. Brodie*, 1 T. C. 275. In that case payments were made by an employer for premiums on annuity contracts on the lives of certain of its employees. The Court there held that the payment of premiums represented additional compensation to the employees, taxable to them under section 22 (a). In the *Brodie* case, *supra*, the employees received vested property rights which were more restricted than those of petitioners in these proceedings. There, the annuity contracts could not have been assigned and they had no cash surrender value. Here, the trusts are silent as to the assignability of the annuity contracts and there is no provision in the trust agreements which prevents petitioners from receiving the cash surrender value of the policies after leaving the employ of the Optical Co.

Does, then, the creation of these trusts bring the proceedings within section 165 and make the rule of the *Brodie* case inapplicable? We think not. Under the trust agreements, the duties of the trustee were purely ministerial. The trustee agreed to hold the policies until they matured as claims. In that event, it agreed, upon written notice by the Optical Co. or the beneficiaries, to present the claims to the insurance company and to use its best efforts in collecting them. However, it was not required to take any legal proceedings for collection of the claims until it was indemnified. In the event of receipt of monthly payments under the policies it agreed to remit those payments, less commissions, to the beneficiaries within five days of such receipt, or in the event of the death of the beneficiaries it agreed to remit death benefits to such persons as the beneficiaries shall have designated in their lifetimes. The only real duty placed upon the trustee was to prevent a trust beneficiary from withdrawing the cash surrender value

of the policy while such beneficiary was employed by the Optical Co., but this provision was mere surplusage, since the policies themselves contained the same provision, as well as the further provision that the Optical Co. was not to be a beneficiary in any way under the policies. Under the circumstances, the trustee was merely a conduit for the payment of claims from the insurance company to the trust beneficiaries. The trustee did not have the usual duties of a trustee, such as the management or investment of a fund. It was not required to pay any of the premiums on the policies or to see that the policies were kept in force. Although the record is not clear, the inference to be drawn is that the trustee did not even pay the premiums on the policies, but that such premiums were paid directly to the insurance company by the Optical Co. We think that the trusts were a mere formality, and their only purpose was an attempt to bring the annuity contracts within the provisions of section 165 and thus qualify them as tax-exempt. To liberally construe section 165 under this factual situation would be to countenance and encourage a subterfuge.

The *Moore* case, *supra*, and the *Lord* case *supra*, upon which petitioners rely, are entirely distinguishable. In the *Moore* case, the corporation formally adopted a pension plan for its officers and employees under which certain payments were to be made annually to a trustee and administered by the trustee. Ten of the corporation's employees were selected for participation in the benefits of the plan. The number of persons employed by the company is not shown, but only four of the employees selected for participation in the plan were either officers or directors of the company. In the *Lord* case, a pension trust was established for the benefit of all of the company's permanent employees and the terms of the trust were meticulously observed. In both of those cases there were definite written programs for the benefit of a substantial number of employees. They are entirely distinguishable from the trusts in these proceedings, where the only beneficiaries under the plan were the two officer-stockholders of the Optical Co. It may also be pointed out that, since the only beneficiaries were stockholders as well as officers, there is a strong inference that the trusts were established not merely because they were employees, but also because of their stock interest in the Optical Co. In that event, the trusts would not be "for the exclusive benefit of * * * employees" as such.

Under the circumstances it is held that the trusts created by the Optical Co. are not within the purview of section 165 and that the amounts paid by the company during the taxable year for premiums on the annuity contracts represent taxable income to petitioners under section 22 (a).

*Decision will be entered for respondent.*