OPINION. Stern hagen, Judge-. The Commissioner disallowed a deduction in 1941 of the $173,500 paid by the taxpayer corporation to the trustee of its newly established “Executive Employees’ Retirement Trust.” He held that the amount was not deductible under either section 23 (a) or section 23 (p); that it was not a reasonable allowance for compensation for personal services of employees or otherwise an ordinary and necessary business expense; and that the trust was not an employees’ trust under section 165, as amended by section 218 of the Revenue Act of 1939. The taxpayer claims the deduction under section 23 (a) (1) (A), providing for the allowance as deduction of ordinary and necessary business expenses paid in the taxable year, including a reasonable allowance for salaries or other compensation for personal services actually rendered. It argues that section 23 (p) is not in point and therefore there is no occasion to consider whether the conditions of that section have been met. The Commissioner treats section 23 (p) as a limitation upon section 23 (a) and argues that, since the $173,500 was paid into the trust for the future benefit of employees, it is deductible only if the trust is exempt under section 165, and that it is not exempt principally because it exists only for the benefit of a small number of the employees, and these, except three, are shareholders. The Commissioner also contends that the evidence does not show that the amounts paid, if to be considered as compensation for services, are reasonable. No' deduction may be allowed of amounts which have merely been entered by an employer in a reserve account for pensions or profit-sharing and have not been completely transferred by the employer to a trust beyond the possibility of recapture. Wilcox Investment Co., 3 T. C. 458; Oxford Institute, 33 B. T. A. 1136; Gaxton Printers, Ltd., 27 B. T. A. 1110; Merrill Trust Co., 21B. T. A. 1409. The amount here in question is, however, not merely the subject of an accounting reserve, but was in the taxable year actually paid to a trust under terms which required that it be held for the employees and which thoroughly prevented its ever going back to the employer.[1] Section 23 (p) is not a specific narrowing or limitation of the deduction, under section 23 (a), of a reasonable allowance for salaries and other compensation for services actually rendered. While section 23 (p) need not be classified as either narrowing or broadening section 23 (a), we have no hesitation in saying that, if a relation were necessary, it is that 23 (p) broadens or supplements rather than narrows section 23 (a).[2] In Phillips H. Lord, 1 T. C. 286, the Court said: Under section 23 (a) of the Revenue Act of 1936 a taxpayer is entitled to deduct from gross income “All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered.” Section 23 (p) permits the deduction from gross income of an additional amount paid to a pension trust and provides that such amounts shall be “in addition to the contributions to such trust during the taxable year to cover the pension liability accruing during the year, allowed as a deduction under subsection (a) of this section.” The provision of this subdivision for additional allowances is not apposite in this case. It was then held that the entire $14,769 which was paid by the taxpayer-employer to the pension trust was a deduction under section 23 (a). We have no doubt that the amount of $173,500 contributed by the taxpayer in the instant case was paid by it in the taxable year for services of its employees, and the question which is thus presented is whether that amount is shown by the evidence to have been an aggregate of reasonable compensation paid for the personal services of the employees for whom it was placed in trust. To prove that the amount was paid for personal services, and that the allotment to each of the employees was reasonable compensation to him, the taxpayer introduced the testimony of qualified witnesses who not only expressed their opinions as to the reasonableness of the compensation, but also described the services which the several employees performed. While it appears that 14 of the 17 employees were shareholders of the corporation, a fact which might infect the question of reasonableness of amounts paid to them as compensation for services and give such amounts the character of artificial distributions of dividends, the evidence establishes that there is no ground for a suspicion that the contribution of the corporation to the trust fund was a method of disguising a dividend distribution to the individual participants who were shareholders. There was no relation between the amount of the contribution allotted to each employee and the amount of his stock holdings. The ratio of the apportioned contribution to sales was not such as to indicate that instead of being related to services performed by the employees it was a means of distributing profits among the owners of the business. In our opinion, the amount of $173,500 which was actually paid by the corporation to the trustees of the employees’ retirement trust in 1941 was deductible by the corporation under section 23 (a) because it was within the compensation paid by it to its employees for services actually rendered by them. See I. T. 3346, C. B. 1940-1, pp. 62, 64. Therefore, it is unnecessary, and would be improper, to consider the question whether, if the amount did not fall within section 23 (a), it is nevertheless deductible because it falls within the description of subsection (p). Since also it is only as an incident of a claim for deduction under subsection (p) that a question arises whether the trust is itself exempt from tax under section 165, the applicability of that section to the instant trust is not within the scope of the true issues in the present proceeding and should not be considered. The Commissioner concedes that the taxpayer is entitled to an additional deduction for capital stock taxes of $60,673.75, making a total correct deduction of $137,500. To the extent that this additional deduction results in a different deficiency or a determination of overpayment, the taxpayer is entitled thereto, and the computation under Bule 50 will take it into account. This Court has no jurisdiction to determine an overassessment, if one exists, and can go no further than to determine a deficiency or overpayment. Hence, the petitioner’s request for a determination of overassessment may not be complied with. If the petitioner’s tax liability involves an overassessment the Commissioner will no doubt give it proper treat- • ment in the final computation. Decision will be entered wnder Rule 50. The history and rationale of the statutory deduction relating to amounts set aside for pensions and paid to pension trusts has been fully set forth in Mertens, Law of Federal Income Taxation, vol. 4, ¶¶ 25.69, 25.70. This was, for later years, changed by the Revenue Act of 1942, section 162 (l>).