MINTO L. OLIVER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

CLARENCE A. SAFFORD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ARTHUR F. OLIVER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 12072, 12073, 12074. Promulgated January 16, 1948.

*Dean P. Kimball, Esq.,* for the petitioners.
*Thomas R. Charshee, Esq.,* for the respondent.

OPINION.

LeMire, *Judge*: The Commissioner determined that the petitioners are taxable under section 22 (a) on amounts equal to the cost of the annuities purchased for their benefit. The petitioners have assigned that determination as error. Further, they allege that the respondent erred in failing to determine that the annuities were held by trustees under a pension plan, that the trust satisfied the applicable requirements of section 165, and that the petitioners are taxable under that section only on the annuity income.

The respondent's sole contention is that the purchase of single premium annuity contracts for the benefit of the petitioners resulted

in a distribution to them of amounts equal to the cost thereof because Arthur F. Oliver and his sister "could have retired from the Company, could have directed the retirement of Clarence A. Safford, and could have caused the immediate transfer of the single premium policies to themselves, and to Safford." We think the respondent is wrong in his premise that the Olivers, as members of the pension committee, could have transferred the annuity contracts to themselves and to Safford upon retirement. They had that right only if any participant resigned before his retirement date. All of the petitioners were beyond the retirement age. However, the Olivers, as members of the company's board of directors, could have terminated the trust. In that case the Olivers, as trustees, were to turn over to the participants their annuity contracts or the cash surrender value thereof, as determined by the pension committee. The respondent relies upon *Oberwinder* v. *Commissioner*, 147 Fed. (2d) 255, and *Hubbell* v. *Commissioner*, 150 Fed. (2d) 516. In those cases the taxpayers were held taxable on the value of the annuity contracts which had been purchased for them by their respective employers. But the employers in those cases had not set up a pension plan or trust which qualified under section 165. The respondent argues that the present facts are indistinguishable from those in the cited cases because here "in substance, the corporation purchased single premium annuity policies for petitioners and turned these policies over to petitioners. This is evident from the fact that petitioners had already passed the age requirement under the pension plan before it was created by them and they, therefore, were immediately in a position to benefit."

The respondent's whole argument appears to rest upon the theory that the petitioners "were at no time under the plan when it was created in 1941" and that "the pension trust as set up does not apply" to them because they were then of retirement age. However, the respondent's theory is contrary to the facts. The parties have stipulated that "the Company established its non-contributory Pension Plan for the exclusive benefit of its employees, including Petitioners" by creating a trust which provided that the petitioners could "in lieu of retirement continue in service in which event the annual payments to them from the Trust will continue undiminished." We have concluded that the petitioners were bona fide beneficiaries under the trust. They were not entitled to delivery of the annuity contracts or payment of the cash surrender value thereof unless the trust was terminated as to all participants. The stipulated facts show that the trust was intended to be permanent. There is no evidence, and no contention, that the trust was a subterfuge for the exclusive benefit of the petitioners.

The original trust was later amended to conform with subsections (3), (4), (5), and (6) of section 165, as amended by section 162 (a) of the Revenue Act of 1942. However, those subsections are in-

applicable to these proceedings, since the trust was in effect before September 1, 1942, and the years involved here are 1941 and 1942. See section 162 (d) (1) (A) of the Revenue Act of 1942. The respondent does not deny that a pension trust was set up in 1941. He does not contend that it failed to satisfy the applicable requirments of section 165 during 1941 and 1942. We hold that the original trust met those requirements. The pension plan was not limited to the petitioners, but included all employees who had served the prescribed number of years; the contributions made by the employer were for the purpose of distribution to such employees and could not be used for, or diverted to, purposes other than for the exclusive benefit of employees. Cf. *Phillips H. Lord*, 1 T. C. 286; *Raymond J. Moore*, 45 B. T. A. 1073. Section 165, before and after amendment by the Revenue Act of 1942, provides that the beneficiary of a qualified employees' trust shall be taxed on the "amount actually distributed or made available" to him, in the year in which so distributed or made available. We hold that it was error for the Commissioner to tax the petitioners on the value of the annuities purchased for their benefit.

Reviewed by the Court.

*Decision will be entered under Rule 50.*