T.C. Memo. 2012-111

UNITED STATES TAX COURT

MATTHEW A. FARNER AND MARY B. FARNER, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11313-08.                    Filed April 18, 2012.

John E. Rogers, for petitioners.

George W. Bezold and Mark J. Miller, for respondent.

MEMORANDUM OPINION

CARLUZZO, Special Trial Judge:  This case for the redetermination of a

deficiency, commenced in response to a notice of deficiency dated February 1,

2008 (notice), is before the Court on petitioners' motion to enforce stipulated

settlement, filed October 6, 2011 (petitioners' motion).  Respondent's objection to

petitioners' motion is embodied in his response, filed November 16, 2011. A

hearing was conducted on petitioners' motion on January 31, 2012, in Chicago,

Illinois. Counsel for the parties appeared and were heard.

The title of petitioners' motion does not necessarily communicate the relief it

seeks. The case was closed by stipulated decision entered on April 27, 2011, that

became final as provided in section 7481[1] before petitioners' motion was filed

(decision). Petitioners do not suggest that respondent has proceeded in a manner

inconsistent with the deficiency shown in the decision. Instead, it would appear that

petitioners take the position that the decision should be vacated because it does not

accurately represent the basis of settlement it purports to reflect. Respondent

disagrees. Resolving the dispute between the parties requires not only a review of

the procedural history of this case, but a review of events that preceded the issuance

of the notice as well.

## Background

At the time the petition was filed, petitioners resided in Michigan.

Taking into account a deduction attributable to a loss from a certain

transaction or series of transactions (for convenience, transactional loss),

---

[1]Section references are to the Internal Revenue Code of 1986, as amended. Unless otherwise indicated, Rule references are to the Tax Court Rules of Practice and Procedure.

petitioners' timely filed 2002 Federal income tax return shows a negative adjusted gross income and no Federal income tax liability (original return). The effect of the deduction for the transactional loss on petitioners' 2002 Federal income tax liability is shown in their amended 2002 return, filed April 13, 2004 (first amended return). The first amended return shows petitioners' adjusted gross income of $676,723. The Federal income tax liability reported, but unpaid, with the first amended return, $259,136, is computed as though petitioners are not entitled to a deduction for the transactional loss. The amount shown as petitioners' 2002 Federal income tax liability on the first amended return was appropriately assessed on June 7, 2004. See sec. 6201(a)(1).

Reverting to the position taken on the original return with respect to the transactional loss, petitioners submitted another amended 2002 return, received by respondent in February 2005 (second amended return). On the second amended return, petitioners claim a $259,136 income tax refund, even though they had paid no 2002 Federal income tax at the time they submitted the second amended return. In effect, the second amended return is more in the nature of a claim for abatement, which is not allowable under the Internal Revenue Code and which has not been allowed by respondent. See sec. 6404(b).

The $3,943 deficiency determined in the notice takes into account, among other things, the income tax assessed pursuant to the first amended return. Line 12 on Form 4549-A, Income Tax Discrepancy Adjustments, included with the notice shows "Total Tax Shown on Return or as Previously Adjusted" as "$259,136". See sec. 6211. The $52,615.80 section 6662(a) accuracy-related penalty imposed in the notice is computed with reference to the amount shown in the notice as petitioners' "Total Corrected Tax Liability", $263,079, which amount, in turn, includes the amount assessed pursuant to the first amended return.

The various issues raised in the pleadings include issues related to petitioners' entitlement to a deduction for the transactional loss.

The case was set for trial on three occasions, each time continued upon joint motion of the parties. According to each joint motion, the "main issues" in this case were "present" in another case then pending before the Court, Summitt v. Commissioner, 134 T.C. 248 (2010), involving taxpayers represented by the same attorney that represents petitioners in this case. The joint motions create the clear impression that the parties expected that the resolution of the Summitt case would influence the resolution of this case. Paragraph 4 of the joint motion filed February 16, 2010, contains the following representations: "The parties anticipate that a ruling on the issues in the Motion for Partial Summary Judgment in Summitt may

resolve the same issues present in this case, and may also resolve the entire case without the necessity of a trial". The summary judgment referenced in the February 16, 2010, joint motion for continuance was resolved in Summitt, which held that the taxpayers did not recognize a loss that apparently arose from the same or similar transaction or series of transactions giving rise to the transactional loss. The decision entered on November 18, 2010, in Summitt reflects that holding.

By notice dated December 14, 2010, this case was set for trial for the fourth time, this time at the Chicago, Illinois, trial session set to begin on May 16, 2011. By letter dated April 13, 2011, approximately one month before that trial session was scheduled to begin, respondent's counsel forwarded to petitioners' counsel a proposed decision document "along with a copy of the underlying Audit Statement and supporting schedules". There is no question that the letter along with its attachments was received and reviewed by petitioners' counsel; these documents are attached to petitioners' motion. Taking into account the assessment made from the income tax liability reported on the first amended return, the audit statement shows $261,449 as petitioners' "Revised Liability" for 2002 Federal income tax. Plugging petitioners' revised 2002 Federal income tax liability as shown on the

audit statement into the equation contemplated by section 6211 results in the deficiency shown on the decision entered in this case.

Discussion

Taking into account (1) the pleadings, (2) the consequences of this Court's holding in Summitt, and (3) the attachments to the above-referenced letter, leads to the inescapable conclusion that the decision reflects petitioners' concession of their entitlement to a deduction for the transactional loss. According to respondent, they made such a concession; according to petitioners, they did not.

Quite the contrary, according to petitioners. As they view the matter, the decision reflects respondent's concession of their entitlement to a deduction for the transactional loss as claimed on their original return. If the deficiency determined in the notice had been computed with reference to petitioners' original return, then we might agree with them; but it was not, and we do not.

Respondent's version of the terms of the settlement that underlie the decision is supported not only by what is included in the record, but also by what is missing. Because the Court does not have overassessment jurisdiction in a case for the redetermination of a deficiency, see Gisholt Mach. Co. v. Commissioner, 4 T.C. 699 (1945), respondent's concession of petitioners' entitlement to a deduction for the transactional loss, if made, could have only been given effect by:

(1) the abatement of the overassessment petitioners claimed, or (2) a stipulation or other agreement between the parties that acknowledged petitioners' entitlement to such an abatement. It is obvious that there has been no abatement, and there is no evidence of any such stipulation or other agreement.

To the extent that petitioners or their attorney misunderstood the terms of the "agreement" referenced in, and effected by the decision, the misunderstanding, at best, represents a unilateral mistake. This Court does not recognize a unilateral mistake as one of the narrowly circumscribed grounds for vacating a decision, final or not.[2] Abatti v. Commissioner, 859 F.2d 115 (9th Cir. 1988), aff'g 86 T.C. 1319 (1986); Stamm Int'l Corp. v. Commissioner, 90 T.C. 315, 321-322 (1988); Gamsby v. Commissioner, T.C. Memo. 1997-453.

We have further considered petitioners' entitlement to relief under the circumstances described in rule 60(b) of the Federal Rules of Civil Procedure, which rule from time to time and as appropriate, we apply in this Court. See Rule 1(a);

---

[2]The Tax Court Rules of Practice and Procedure do not provide for relief from a final decision. A final decision, however, can be vacated upon a showing that the Court was without jurisdiction to enter it or that the decision was entered in furtherance of a fraud on the Court. See Billingsley v. Commissioner, 868 F.2d 1081, 1084-1085 (9th Cir. 1989); Abatti v. Commissioner, 859 F.2d 115, 117 (9th Cir. 1988), aff'g 86 T.C. 1319 (1986); Brannon's of Shawnee, Inc. v. Commissioner, 69 T.C. 999, 1002 (1978); Casey v. Commissioner, T.C. Memo. 1992-672. Neither condition applies here.

Brannon's of Shawnee, Inc. v. Commissioner, 69 T.C. 999, 1000-1001 (1978).

Rule 60(b) of the Federal Rules of Civil Procedure provides relief from a final

"judgment, order or proceeding" upon grounds recited in six subparts, only two of

which have potential application here.

Rule 60(b)(1) of the Federal Rules of Civil Procedure provides relief upon a

showing of "mistake, inadvertence, surprise, or excusable neglect".  The

attachments to the letter forwarding the proposed decision document to petitioners'

counsel eliminate the possibility that the decision was entered by surprise or on

account of excusable neglect.  There is no showing that the decision, entered by

agreement, was reached inadvertently, and the reference to "mistake" means mutual

mistake, see La Floridienne J. Buttgenbach & Co. v. Commissioner, 63 F.2d 630

(5th Cir. 1933), which, as noted, is a situation not present here.  Petitioners are not

entitled to relief under rule 60(b)(1) of the Federal Rules of Civil Procedure.

Rule 60(b)(6) of the Federal Rules of Civil Procedure provides that relief is

available "for any other reason that justifies" it.  The relief available under that rule

is considered "exceptional or extraordinary ".  Olle v. Henry & Wright Corp., 910

F.2d 357, 365  (6th Cir. 1990); Estate of Miller v. Commissioner, T.C. Memo.

1994-25.  That rule, however, is applied only "as a means to achieve substantial

justice", <u>Hopper v. Euclid Manor Nursing Home, Inc.</u>, 867 F.2d 291, 294 (6th Cir. 1989), in a situation where principles of fundamental fairness compel relief. Alluding to the merits of the substantive issues in this case, petitioners suggest that it would be unfair to allow the decision to stand. We are in no position at this stage of the proceedings to opine on the merits of petitioners' claim to the deduction for the transactional loss. Nevertheless, we cannot ignore the Court's holding in <u>Summitt</u>. Allowing the decision to stand so as to achieve similar results in different cases involving similar issues hardly violates principles of fundamental fairness. Otherwise, petitioners have not offered a specific reason for granting relief under rule 60(b)(6) of the Federal Rules of Civil Procedure, and from our review of the record none is obvious to us.

To reflect the foregoing,

<u>An appropriate order will be issued denying petitioners' motion</u>.