# United States Tax Court

T.C. Memo. 2023-53

NICK A. KOLEV,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————————

Docket No. 9953-21.                                        Filed May 1, 2023.

————————

Nick A. Kolev, pro se.

*Arthur W. Petersen* and *Jeremy J. Eggerth*, for respondent.


## MEMORANDUM OPINION

CARLUZZO, *Chief Special Trial Judge*: It appears that petitioner is, or was previously, involved in a domestic dispute with a former spouse involving child support. On or around November 17, 2017, in response to information received from the Orange County Child Services Department (Orange County), respondent paid $881.92 of the federal income tax refund claimed on petitioner's 2016 federal income tax return to Orange County, not to petitioner, apparently on account of child support arrearages. According to petitioner, he and his former spouse agreed that his child support obligations were satisfied according to arrangements made between them. As far as petitioner is concerned, he has honored that agreement and the Orange County claim was "fraudulent."

Petitioner's 2017 federal income tax return (return) was timely filed in 2018. In an attempt to recover the amount of his 2016 federal income tax refund paid to Orange County, petitioner claimed an $881.92 credit (credit) on the return. Petitioner's return shows his federal

[*2] income tax liability as $2,703. That amount was first appropriately assessed in due course, but then adjusted as explained in the following paragraph.

According to respondent's records, on April 15, 2018, the credit was allowed reducing the amount assessed as shown on the return by the amount of the credit. On the same day, the credit was "removed," and an additional assessment in the amount of the credit was made, bringing the amount of the assessment of petitioner's 2017 federal income tax liability back to the amount shown on the return. It appears that the assessment was made pursuant to section 6201(a)(3),[1] which authorizes respondent to summarily assess erroneous federal income tax prepayment credits. Although no explanation for the reassessment has been provided, perhaps the credit was treated as a prepayment credit because the credit was claimed in the area of the return where income tax prepayment credits are claimed.

Years later, on December 1, 2020, the Internal Revenue Service issued a Notice of Deficiency (Notice) to petitioner that "determined" a "$0.00" deficiency in petitioner's 2017 federal income tax. The Notice references the credit and includes the amount of the credit in the "balance due," but it identifies the credit as an "adjustment to prepayment credits not subject to deficiency" procedures.

Petitioner now agrees, more or less, that he is not entitled to the credit. As best we can tell from his presentation at trial, the relief that petitioner is seeking in this matter is the opportunity to review the notice or document from Orange County that caused the diversion of his 2016 federal income tax refund, or at least a portion of it, to which he was otherwise entitled. The manner by which Orange County notified respondent, however, has not been made part of the record. Under the circumstances, before addressing whatever relief petitioner is seeking in this proceeding, we first consider whether we have jurisdiction to do so. *See David Dung Le, M.D., Inc. v. Commissioner*, 114 T.C. 268, 269–70 (2000), *aff'd*, 22 F. App'x 837 (9th Cir. 2001).

At trial, respondent took the position that there is an $881.92 deficiency in petitioner's 2016 federal income tax even though the Notice shows otherwise. The amount of petitioner's 2017 federal income tax liability, as shown on his return, is $2,703. The amount of petitioner's

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at relevant times.

**[\*3]** "corrected tax liability," as shown in the Notice, is also $2,703. Applying the mathematical equation contemplated in section 6211, which contains the definition of a deficiency, to the undisputed facts before us strongly suggests what the first page of the Notice expressly shows; that is, there is no deficiency in petitioner's 2017 federal income tax.

Respondent claims that although the Notice shows a zero deficiency, there is actually an $881.92 deficiency in petitioner's 2017 federal income tax because petitioner subtracted the credit from his 2017 tax liability. Petitioner's return, however, shows otherwise; although the credit increased petitioner's refund, it did not reduce his income tax liability as shown on the return. Respondent described the manner in which the Notice was drafted as some sort of mistake and argued that the Court should proceed as though the credit reduced the amount of tax shown on the return.[2] Mathematically and in reality, however, it did not.

The Court's jurisdiction in matters such as this one depends upon the determination of a "deficiency" as that term is defined in section 6211. Here there was no such determination; consequently, we have no jurisdiction over petitioner's 2017 federal income tax liability in this proceeding. Nor can we address the validity of the reassessment of the credit as the Court has no jurisdiction to review overassessments in cases commenced under section 6213(a). *See Gisholt Mach. Co. v. Commissioner*, 4 T.C. 699, 707 (1945).

To reflect the foregoing,

*An order of dismissal for lack of jurisdiction will be entered.*

---

[2] Unlike the situation in *Dees v. Commissioner*, 148 T.C. 1 (2017) (holding that the Court did not lack jurisdiction in a situation involving a notice of deficiency showing a zero deficiency because the notice was ambiguous), the Notice in this case is not ambiguous. The "corrected" amount of petitioner's 2017 federal income tax liability as shown in the Notice is equal to the amount of petitioner's federal income tax liability as shown on the return. In fact, the Notice itself indicates that the credit is not subject to the deficiency procedures.