BRANNON'S OF SHAWNEE, INC., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 10546–75.     Filed March 28, 1978.

*Tom G. Parrott, T. Ray Phillips III,* and *Donald C. Gaston,* for the petitioner.

*James D. Thomas* and *Leroy Boyer,* for the respondent.

OPINION

WILES, *Judge:* On November 28, 1977, petitioner filed, pursuant to Rule 162, Tax Court Rules of Practice and Procedure, a motion for special leave to file a motion to vacate a decision entered on December 22, 1976. Arguments on petitioner's motion were heard in Oklahoma City, Okla., on January 30, 1978, and the motion was taken under advisement.

We must decide whether we have jurisdiction, after a decision has become final under section 7481,[1] to vacate the decision on the ground that we lacked jurisdiction in the original proceeding.

Petitioner alleges in its motion that on September 25, 1972, it was merged, under the laws of Oklahoma, into Brannon's No. 7, Inc., and that both corporations were organized under the laws of Oklahoma.

On September 10, 1975, a statutory notice of deficiency was mailed to petitioner which determined the following deficiencies:

| Aug. 31— | Deficiency | Aug. 31— | Deficiency |
|---|---|---|---|
| 1967 | $12,327.18 | 1970 | $2,510.51 |
| 1968 | 8,298.39 | 1971 | 19,870.41 |

On December 10, 1975, petitioner, through its counsel, filed its petition requesting a redetermination of the proposed deficiencies.

On December 22, 1976, petitioner, through its counsel, agreed to the deficiencies as set forth in the September 10, 1975, notice of deficiency and this Court entered a decision, on the same date, reflecting the agreements of the parties.

Respondent argues that this is a court of limited statutory jurisdiction and that once our decision becomes final under section 7481 we lack jurisdiction to entertain a motion to vacate. Petitioner asserts that an exception must be made to the finality of our decisions where we did not originally have jurisdiction of the case. We agree with petitioner.

Although we find no specific rule of procedure in our Tax Court Rules of Practice and Procedure governing the disposition of final decisions, rule 60(b)(4) of Federal Rules of Civil

---

[1]Statutory references are to the Internal Revenue Code of 1954, as amended.

Procedure provides in pertinent part: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: * * * (4) the judgment is void." In applying that rule, the Federal courts have determined that when a court lacks jurisdiction over the subject matter or the defendant, any judgment rendered is void; a legal nullity. *Jordon v. Gilligan,* 500 F.2d 701, 704 (6th Cir. 1974), cert. denied 421 U.S. 991 (1975); *Hicklin v. Edwards,* 226 F.2d 410, 413 (8th Cir. 1955). *Jordon v. Gilligan, supra* at 704, noted that a judgment entered without jurisdiction is void and "is a legal nullity and a court considering a motion to vacate has no discretion in determining whether it should be set aside." Moreover, as noted in *Misco Leasing, Inc. v. Vaughn,* 450 F.2d 257, 260 (10th Cir. 1971), there is no time limit on the attack on a judgment as void under rule 60(b)(4) of Federal Rules of Civil Procedure. *United States v. Sotis,* 131 F.2d 783, 787 (7th Cir. 1942), related:

where a decree or judgment is void for want of jurisdiction of the person of the defendant, it is a nullity and may be expunged from the records of the court at any time. It is universally conceded that a judgment void for want of jurisdiction over the person of a defendant may be vacated on motion, irrespective of lapse of time.

Rule 1(a), Tax Court Rules of Practice and Procedure, provides in pertinent part: "Where in any instance there is no applicable rule of procedure, the Court or the Judge before whom the matter is pending may prescribe the procedure, giving particular weight to the Federal Rules of Civil Procedure to the extent that they are suitably adaptable to govern the matter at hand." Since we find no applicable rule of procedure specifically governing the disposition of void decisions in this Court, we think rule 60(b)(4) of Federal Rules of Civil Procedure should be accorded significant weight. Even though we are a court of limited statutory jurisdiction, a decision entered without jurisdiction is nonetheless void; a legal nullity. Rule 60(b)(4) of Federal Rule of Civil Procedure merely provides a means of disposing of void decisions and in the absence of a controlling procedural rule of our own treating void decisions, we believe that, under the authority of Rule 1(a), Tax Court Rules of Practice and Procedure, we should apply rule 60(b)(4) of Federal Rules of Civil Procedure through our motion to vacate found in

Rule 162, Tax Court Rules of Practice and Procedure. In our opinion, the Court should exercise its discretionary power under Rule 162 and not apply the 30-day period in this case where the motion to vacate attacks jurisdiction.

We do not rest our decision to accept jurisdiction on this point alone however. *Kenner v. Commissioner*, 387 F.2d 689 (7th Cir. 1968), cert. denied 393 U.S. 841 (1968), and *Toscano v. Commissioner*, 441 F.2d 930 (9th Cir. 1971), expressly held that this Court had the jurisdiction to reopen and vacate a final decision.[2] Both decisions relied upon fraud on the court in reaching their decisions but we think the power to vacate discussed in those cases is certainly no less present here where we lacked jurisdiction when we reached a decision. *Toscano v. Commissioner, supra* at 933, stated the following with respect to our jurisdiction to vacate a final decision on the ground of fraud on the Court: "a decision obtained by fraud on the Tax Court can be set aside by it at any time because it is not a decision at all." *Kenner v. Commissioner, supra* at 691, stated that "a decision produced by fraud on the court is not in essence a decision at all, and never becomes final." Since a decision reached without jurisdiction is considered a legal nullity, we think that it is also not a decision at all and never becomes final. Moreover, as we stated in *Wheeler's Peachtree Pharmacy, Inc. v. Commissioner*, 35 T.C. 177, 179 (1960): "This Court being a court of limited jurisdiction, questions of jurisdiction are fundamental and whenever it appears that this Court may not have jurisdiction to entertain the proceeding that question must be decided." Accordingly, we hold that we do have jurisdiction to consider a motion to vacate a final decision on the ground that we lacked jurisdiction in the original proceeding. We must therefore determine whether petitioner has shown facts to properly question our jurisdiction in the original proceeding. If so, its motion for special leave should be granted.

Petitioner argues that since its corporate existence was terminated by merger under Oklahoma law on September 25, 1972, it had no legal capacity under Rule 60(c), Tax Court Rules of Practice and Procedure, to file a petition on December 10, 1975. As a result, relying on *Condo v. Commissioner*, 69 T.C. 149

---

[2]See also *Deutsch v. Commissioner*, T.C. Memo. 1975-76.

(1977), it asserts for the first time that we lacked jurisdiction over the proceeding and, therefore, our prior stipulated decision of December 22, 1976, is void. Respondent, relying on Oklahoma Statutes Annotated title 18, section 1.167(4) (West 1953), contends that petitioner's existence was continued for the purpose of filing the petition and resolving the issue of its tax liability for the years stated in the notice of deficiency. As such, he argues we had jurisdiction over the proceeding to enter our decision.

Jurisdiction of this Court depends upon the issuance of a notice of deficiency and the timely filing of a petition. Rule 13(a) and (b), Tax Court Rules of Practice and Procedure; secs. 6213 and 7442. Although section 6212(b)(1) provides that a notice of deficiency is valid even though sent to a corporation which has terminated existence, section 6213(a) provides that only the taxpayer against whom the deficiency is determined may file a petition with this Court. Rule 60(a), Tax Court Rules of Practice and Procedure. The petition in this instance was filed more than 3 years after petitioner was merged into another Oklahoma corporation.

Rule 60(c), Tax Court Rules of Practice and Procedure, provides that the "capacity of a corporation to engage in such litigation shall be determined by the law under which it was organized."

Petitioner was organized and merged under Oklahoma law. Section 1.167(1) of the Oklahoma Statutes[3] provides that in the case of a merger, the separate existence of all constituent corporations, except the surviving corporation, completely ceases. Section 1.167(4) of the Oklahoma Statutes,[4] however,

---

[3] Okla. Stat. Ann. tit. 18, sec. 1.167(1) (West 1953):

"In the case of a merger, the separate existence of all constituent corporations, except the surviving corporation, completely ceases; and, in the event of a consolidation, the separate existence of all constituent corporations fully terminates, and a new corporation, herein designated as the resulting corporation, is brought into existence."

[4] Okla. Stat. Ann. tit. 18, sec. 1.167(4) (West 1953):

"Such surviving or resulting corporation shall thenceforth be subject to and liable for all the liabilities and obligations of each of the constituent corporations so merged or consolidated; and any claim existing, or action or proceeding pending, by or against any of such corporations may be prosecuted to judgment as if such merger or consolidation had not taken place, or such surviving or resulting corporation, as the case may be, may be substituted in its place. Neither the rights of creditors nor any liens upon the property of any of such corporations shall be impaired by such merger or consolidation."

provides that any claims existing, or action or proceeding pending, by or against any such corporations may be prosecuted to judgment as if such merger or consolidation had not taken place.

It is clear that petitioner's existence terminated under Oklahoma law over 3 years prior to the filing of the petition. As a result, unless the deficiency here in dispute constituted an existing "claim" or pending "action or proceeding" within the meaning of section 1.167(4) of the Oklahoma Statutes, petitioner did not possess the capacity to litigate the issue of its liability in this Court. See *Condo v. Commissioner*, 69 T.C. 149 (1977); *Dillman Bros. Asphalt Co. v. Commissioner*, 64 T.C. 793 (1975); *Great Falls Bonding Agency, Inc. v. Commissioner*, 63 T.C. 304 (1974). This specific issue should be addressed more fully by the parties at the hearing on petitioner's motion to vacate. We hold here only that petitioner has shown sufficient facts and law to properly question whether this Court had jurisdiction over the original case.

Finally, respondent asserts that even if we determine that we have jurisdiction to hear a motion to vacate a decision after it has become final, we cannot accept jurisdiction in this case. He argues that if petitioner did not have capacity to litigate in this Court under Rule 60(c), Tax Court Rules of Practice and Procedure, at the time the petition was filed because of a merger, then it similarly does not have the capacity to litigate this motion. As a result, he argues no purpose would be served by a hearing on the motion to vacate. We reject this argument. Questions of jurisdiction must be dealt with on our own motion even if not raised by either party. *National Committee To Secure Justice, Etc. v. Commissioner*, 27 T.C. 837, 839 (1957).

Accordingly, we grant petitioner's motion for special leave to file its motion to vacate our decision entered on December 22, 1976.

*An appropriate order will be issued.*