HAROLD A. ABELES AND BARBARA ABELES, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4433-83.         Filed January 21, 1988.

*William Weintraub,* for the petitioner Barbara Abeles.
*Joyce L. Sugawara,* for the respondent.

### OPINION

FAY, *Judge*: Respondent determined deficiencies in petitioners' Federal income tax for the 1975 and 1977 taxable years in the amounts of $48,591 and $29,844, respectively. On February 12, 1985, this Court dismissed this case for lack of prosecution and entered deficiencies against petitioners. This matter is before the Court on petitioner Barbara Abeles' motion to vacate and motion to dismiss for lack of jurisdiction. The issues are whether the Court had jurisdiction over petitioner Barbara Abeles when it entered the February 12, 1985, decision, and whether the Court has jurisdiction to entertain the motion to dismiss for lack of jurisdiction.

Petitioners resided in California at all relevant times. Petitioner Barbara Abeles (Mrs. Abeles) is an artist's representative. Petitioner Harold A. Abeles (Mr. Abeles) has a law degree and a graduate tax law degree. Though Mr. Abeles began his 33-year law practice as a tax attorney, the majority of his law practice has been in fields not directly related to taxation. As a result of illness which adversely affected his memory, Mr. Abeles terminated his law practice in the mid-1980's. At the time of the hearing, he was organizing a money market fund. Mr. and Mrs. Abeles were married in 1972 and divorced in 1982 or 1983.

For the taxable years at issue, 1975 and 1977,[1] Mr. and Mrs. Abeles filed joint Federal income tax returns claiming deductions from a truck tax shelter. On November 30, 1982, respondent sent the notice of deficiency upon which this case is based to Mr. and Mrs. Abeles. The notice of deficiency disallowed the truck tax shelter deductions. Mr. Abeles did, but Mrs. Abeles did not, receive the notice of deficiency.

In response to the notice of deficiency, Mr. Abeles filed a petition with this Court instituting the present case. The caption of the petition is in Mr. and Mrs. Abeles' name, but the petition is signed only in Mr. Abeles' name and the body of the petition designates only Mr. Abeles as "petitioner." The petition alleges that the necessary records are in the Government's possession and does not specifically allege any errors in respondent's determination of deficiencies.

On April 28, 1983, the Court, in response to respondent's motion to dismiss for lack of jurisdiction, issued an order allowing Mrs. Abeles to file an amended petition to become a party to this case. On May 23, 1983, Mr. Abeles filed an amended petition which stated that Mrs. Abeles read the original petition and that she ratifies and affirms the action of Mr. Abeles in filing the petition on her behalf. The amended petition contains a signature line for Mrs. Abeles on which Mr. Abeles signed Mrs. Abeles' name.[2]

---

[1] Mr. and Mrs. Abeles' 1976 taxable year is the subject of the case in docket No. 1372-81.

[2] John J. Harris, a thoroughly qualified questioned signature examiner, opined in a written statement submitted to the Court that the signature appearing on the amended petition was not that of Mrs. Abeles.

Mr. Abeles, unable to obtain the documentation necessary to substantiate the claimed truck tax shelter deductions, agreed to a cash out-of-pocket settlement. As a result of Mr. Abeles' illness, Mr. Abeles did not effectuate the settlement by executing a decision document. On February 12, 1985, pursuant to respondent's oral motion of January 8, 1985, the Court dismissed this case for lack of prosecution by petitioners and entered a decision of reduced deficiencies reflecting the cash out-of-pocket settlement; $24,008 for 1975 and $23,809 for 1977.

During Mr. and Mrs. Abeles' marriage, Mrs. Abeles relinquished all authority to Mr. Abeles with respect to their tax and financial matters. Mrs. Abeles was not even aware of whether Federal income tax returns were filed on her behalf for the years at issue. Neither Mrs. Abeles nor her divorce counsel asked Mr. Abeles about tax matters.

Around the time the notice of deficiency was mailed and the petition and amended petition were filed, Mr. and Mrs. Abeles were in the process of divorce. Mr. Abeles did not inform Mrs. Abeles of the notice of deficiency, the petition, or the amended petition. Mrs. Abeles was not even aware of the tax dispute arising from the 1975 and 1977 taxable years until her bank accounts were levied and a lien was placed on her residence.

Mr. Abeles chose not to inform Mrs. Abeles of these events for several reasons. First, Mr. Abeles believed that he could obtain the necessary documentation to substantiate the truck tax shelter deductions. Second, even if the deductions could not be substantiated, he intended to pay any resulting deficiency. Third, he was concerned that if Mrs. Abeles became upset about the tax dispute, he would not be allowed to continue to visit freely with their child.

We will first consider Mrs. Abeles' motion to vacate. A decision of this Court becomes final, in the absence of a timely filed notice of appeal, 90 days after it is entered. Sec. 7481;[3] sec. 7483. This Court has jurisdiction to vacate a decision that has become final where, inter alia, the Court lacked jurisdiction when the decision was entered. *Bran-*

---

[3]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended and in effect during the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

*non's of Shawnee, Inc. v. Commissioner,* 69 T.C. 999, 1002 (1978). The burden of proof is on the party filing the motion to vacate. See *Brannon's of Shawnee, Inc. v. Commissioner, supra* at 1002. See also *Kraasch v. Commissioner,* 70 T.C. 623, 629 (1978).

Mrs. Abeles argues that since she did not petition the Court, the Court, as of the February 12, 1985, decision, lacked jurisdiction over her. Respondent argues that Mrs. Abeles impliedly authorized Mr. Abeles to file a petition on her behalf, that Mr. Abeles did file a petition on her behalf, and, accordingly, that the Court, as of the February 12, 1985, decision did have jurisdiction over her. For the reasons stated below, we agree with Mrs. Abeles.

Where a taxpayer has improperly invoked the jurisdiction of this Court, ratification has consistently been required for such taxpayer to become a party. See *Hazim v. Commissioner,* 82 T.C. 471 (1984) (case was dismissed because taxpayer failed to timely ratify the filing of a petition by an attorney not a member of the bar of this Court); *Carstenson v. Commissioner,* 57 T.C. 542 (1972) (respondent's motion to dismiss for lack of jurisdiction denied because taxpayer ratified the filing of the imperfect petition, which petition was filed by the taxpayer's accountant); and *Hoj v. Commissioner,* 26 T.C. 1074 (1956) (respondent's motion to dismiss for lack of jurisdiction granted because taxpayer failed to properly ratify filing of imperfect petition, which petition was filed by an "agent or attorney in fact"). In *Kraasch v. Commissioner,* 70 T.C. 623 (1978), a case instituted by the filing of a petition signed in the names of the taxpayers by the taxpayers' accountant was dismissed for failure to state a claim upon which relief could be granted. Respondent assessed the deficiency and seized funds from the taxpayers' bank account. The taxpayers, alleging that the Court never acquired jurisdiction over them, filed a motion to modify the order of dismissal and decision. The Court held that it acquired jurisdiction over the taxpayers under two theories: first, the taxpayers authorized their accountant to file the petition and, second, even if the taxpayers had not authorized the filing of the petition, they subsequently ratified the filing of the petition. *Kraasch v. Commissioner, supra* at 627-628. The taxpayers

ratified the filing of the petition by receiving copies from their accountant of all documents filed with the Court, by receiving all correspondence from respondent and the Court, and by taking no action to disavow their accountant's filing of the petition. *Kraasch v. Commissioner, supra* at 627-628.

In *Brooks v. Commissioner,* 63 T.C. 709 (1975), the taxpayers, husband and wife, filed a joint Federal income tax return and received a joint statutory notice of deficiency. A document captioned in the names of the husband and wife, but signed only by the husband, was received and filed by the Court as a timely petition. Respondent filed a motion to dismiss as to the wife alleging that since a petition was not filed by the wife or by a person duly authorized to file a petition on her behalf, this Court lacked jurisdiction over her. The Court considered Rule 34(a), [4] Rule 34(b)(7),[5] Rule 41(a),[6] Rule 60(a)(1), [7] the notes to such rules, and several relevant court opinions in holding that where the nonsigning spouse intended that the signing spouse act on behalf of and with the approval of the nonsigning spouse in petitioning this Court, upon ratification, the nonsigning spouse will become a party. *Brooks v. Commissioner, supra* at 716. The Court gleaned sufficient intention and ratification from the facts presented and denied respondent's motion to dismiss.

In *Holt v. Commissioner,* 67 T.C. 829 (1977), the Court was faced with facts similar to those presented in *Brooks.* The major factual difference between *Holt* and *Brooks* is that in *Holt* the document filed as a petition, a letter, was not captioned in the names of the husband and wife. In *Holt* it was held that where a joint notice of deficiency is issued and only one spouse signs the imperfect petition,

---

[4] Rule 34(a) sets forth the basic requirements of a petition.

[5] Rule 34(b)(7) requires that the petition be signed by each petitioning taxpayer or by counsel for each petitioning taxpayer.

[6] Rule 41(a) prohibits amendment to pleadings, including petitions, after the expiration of time for filing the petition where such amendment would confer jurisdiction on the Court over a matter which otherwise would not come within the Court's jurisdiction under the petition as on file as of the close of the time for filing the petition.

[7] Rule 60(a)(1) states in relevant part:

"A case timely brought shall not be dismissed on the ground that it is not properly brought on behalf of a party until a reasonable time has been allowed after objection for ratification by such party of the bringing of the case; and such ratification shall have the same effect as if the case had been properly brought by such party. Where the deficiency or liability is determined against more than one person in the notice by the Commissioner, only such of those persons who duly act to bring a case shall be deemed a party or parties."

there is a presumption that the nonsigning spouse intended the signing spouse to act on behalf of the nonsigning spouse. *Holt v. Commissioner, supra* at 832. *Holt* required, as did *Brooks,* ratification in addition to intention for the nonsigning spouse to become a party.

Ratification is not only clearly required by opinions of this Court; it is also clearly required by the Rules of this Court. Rule 60(a)(1) states in relevant part:

A case timely brought shall not be dismissed on the ground that it is not properly brought on behalf of a party until a reasonable time has been allowed after objection *for ratification* by such party of the bringing of the case; and such ratification shall have the same effect as if the case had been properly brought by such party. [Emphasis added.]

In the absence of timely ratification, the case will be dismissed. *Hazim v. Commissioner, supra* at 472.

The preferred type of ratification contemplated by Rule 60(a)(1) is a properly executed amended petition. Here there has been no properly executed amended petition, as the amended petition filed in this case was not signed by Mrs. Abeles. We must consider whether Mrs. Abeles' actions or inactions otherwise constituted ratification of the filing of the petition and amended petition by Mr. Abeles.

None of the elements which constituted ratification in *Kraasch v. Commissioner, supra,* are here present. Mrs. Abeles did not receive copies of the documents filed by Mr. Abeles. Mrs. Abeles did not receive any correspondence from respondent or this Court. Mrs. Abeles had no knowledge of the tax dispute or this case and, accordingly, her inaction in taking steps to disavow the filing of the petition and amended petition cannot be interpreted as a ratification. We hold that Mrs. Abeles did not ratify Mr. Abeles' action in filing the petition and amended petition and that this Court did not have jurisdiction over Mrs. Abeles when it entered the February 12, 1985, decision.[8]

"[A] judgment entered without jurisdiction is void and 'is a legal nullity and a court considering a motion to vacate

---

[8]Respondent points to Mrs. Abeles' relinquishment of all authority to Mr. Abeles with respect to Mr. and Mrs. Abeles' financial and tax matters as an indication that Mrs. Abeles impliedly authorized the filing of the petition and amended petition. Even if such implied authorization existed, actions of Mr. Abeles, who, though a lawyer with tax training, is not a member of the bar of this Court, are, in the absence of ratification, insufficient to confer jurisdiction over Mrs. Abeles.

has no discretion in determining whether it should be set aside.' " *Brannon's of Shawnee, Inc. v. Commissioner* 69 T.C. 999, 1001 (1978), citing *Jordon v. Gilligan,* 500 F.2d 701, 704 (6th Cir. 1974). Since the Court lacked jurisdiction over Mrs. Abeles as of the time it entered the February 12, 1985, decision, the decision insofar as it relates to Mrs. Abeles is a legal nullity. Accordingly, the Court will vacate the February 12, 1985, decision insofar as it relates to Mrs. Abeles.

We will now consider Mrs. Abeles' motion to dismiss for lack of jurisdiction. Mrs. Abeles contends in such motion that the notice of deficiency was not sent to her last known address. We have held that this Court did not have jurisdiction over Mrs. Abeles as of the February 12, 1985, decision, because she never petitioned this Court. To the extent that we have since acquired jurisdiction over Mrs. Abeles, it has been for the limited purpose of vacating the decision entered against her at a moment when we lacked jurisdiction over her. We have not acquired general jurisdiction over her in this case as she has never filed a petition or an amended petition in this case. Accordingly, as suggested by respondent, we do not have jurisdiction to grant Mrs. Abeles the affirmative relief she requests in her motion to dismiss for lack of jurisdiction. Mrs. Abeles' motion to dismiss for lack of jurisdiction will be denied.[9]

The Court, of its own volition, will dismiss this case as to Mrs. Abeles for lack of jurisdiction because Mrs. Abeles, never having petitioned the Court in this case, is not a party to this case. The caption of this case will be changed to remove Mrs. Abeles' name.

To reflect the foregoing,

*An appropriate order will be issued.*

---

[9]Mrs. Abeles has filed a petition in docket No. 37192-86 placing in issue her 1975 and 1977 taxable years. She is invited to file her motion to dismiss for lack of jurisdiction in that case.