MELVIN A. SLAVIN AND SANDRA SLAVIN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Slavin v. Commissioner
Docket No. 28207-85
United States Tax Court
T.C. Memo 1990-44; 1990 Tax Ct. Memo LEXIS 44; 58 T.C.M. (CCH) 1299; T.C.M. (RIA) 90044; January 24, 1990
Charles A. Cohen and Steven M. Crell, for the petitioners. Robert D. Kaiser, for the respondent. PARKER
MEMORANDUM OPINION PARKER, Judge: This matter is before the Court on petitioners' Verified Motion to Reconsider Decision, filed December 6, 1989. [1] Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. *46 The pending motion raises issues only as to petitioner Sandra Slavin. The opinion in this case was filed on May 9, 1989, as T.C. Memo. 1989-221. Petitioners filed joint Federal income tax returns for the years involved in this case. The statutory notice of deficiency was mailed to both petitioners at 604 Oakwood Court North, Indianapolis, Indiana 46260, that being their legal residence then and at the time the petition was filed in this case. Sec. 6212(b). The petition was timely filed in this Court by an attorney, Harry A. Rider. Sec. 6213(a). Thereafter, the case was calendared for trial, tried on the merits, briefed, and an opinion handed down by the Court (T.C. Memo. 1989-221). By that time Mr. Rider had died and another attorney, Charles A. Cohen, entered his appearance on behalf of petitioners and signed the stipulation for entry of decision. Adopting the parties' stipulation as to the amount of deficiencies due in accordance with the terms of the Court's opinion in T.C. Memo. 1989-221, the Court entered the decision in this case on September 13, 1989. On December 5, 1989, another attorney, Steven M. Crell, entered his appearance on behalf *47 of petitioners and filed and lodged with the Court various motions, including the motion now under consideration. See n.1, supra. On December 6, 1989, the Court vacated the decision that had been entered on September 13, 1989, vacating it before it became a final decision of the Tax Court. [2]
*48 The pending motion raises issues as to whether the Court ever obtained jurisdiction over Sandra Slavin (hereinafter Mrs. Slavin) and whether she is entitled to innocent spouse treatment under section 6013(e). Neither of these issues had ever been raised before, neither in the pleadings, pre-trial submissions, trial, post-trial briefs, nor in the Rule 155 proceedings. While we would not have granted leave to file out of time a motion for reconsideration on the basis of the innocent spouse claim, [3] the jurisdictional issue is fundamental and compels our consideration. *49 A court always has jurisdiction to determine its jurisdiction. Brannon's of Shawnee, Inc. v. Commissioner, 69 T.C. 999, 1002 (1978). We can proceed in a case only if we have jurisdiction, and a jurisdictional issue can be raised by either party or by the Court sua sponte at any stage of the proceedings. Normac, Inc. & Normac International v. Commissioner, 90 T.C. 142, 146 (1988); Kahle v. Commissioner, 88 T.C. 1063 n.3 (1987) and cases cited therein. Indeed we can determine jurisdictional issues even after a decision has become "final" (n.2, supra), because in the absence of jurisdiction such a decision is in effect a legal nullity and void. Abeles v. Commissioner, 90 T.C. 103, 105-106 (1988); Brannon's of Shawnee, Inc. v. Commissioner, supra.Cf. Toscano v. Commissioner, 441 F.2d 930 (9th Cir. 1971) (final decision vacated for fraud upon the Court); Kenner v. Commissioner, 387 F.2d 689 (7th Cir. 1968), cert. denied 393 U.S. 841 (1968) (final *50 decision vacated for fraud upon the Court). Thus, the Tax Court clearly has authority to set aside even a final decision if that decision is shown to be void, a legal nullity, for lack of jurisdiction over the subject matter or the party. Billingsley v. Commissioner, 868 F.2d 1081 (9th Cir. 1989), affg. on this issue and remanding an order of this Court; Abatti v. Commissioner, 859 F.2d 115, 118 (9th Cir. 1988), affg. 86 T.C. 1319 (1986); Abeles v. Commissioner, supra; Brannon's of Shawnee, Inc. v. Commissioner, 69 T.C. at 1001-1002. Mrs. Slavin asserts that the Tax Court never acquired jurisdiction over her and that she is not properly a party in this case. [4] In support of that position, she submits her affidavit and that of her husband, petitioner Melvin Slavin. The facts as set out in those affidavits are as follows: Throughout her marriage, Mrs. Slavin's occupation has always been that of a housewife. At all times throughout her marriage, she "relinquished all authority to Melvin with respect to [their] tax and financial matters." She was not a partner in nor did she have any partnership interest *51 in any of the partnerships that are the subject of the present litigation. While Mrs. Slavin has no recollection of signing the tax returns, she does not deny that she filed joint returns with her husband and she believes she signed those returns. However, she had no knowledge of any of the entries, computations or figures on those returns. She did not personally receive the statutory notice of deficiency and had no knowledge of its existence. [5] Mr. Slavin received the notice of deficiency and caused a petition to be timely filed in this Court. The petition was captioned in the names of both Mr. and Mrs. Slavin and was signed by counsel, Mr. Rider. [6] Because of Mrs. Slavin's serious health problems, Mr. Slavin chose not to tell her anything about the filing of the tax case in this Court. Mrs. Slavin first learned about the present case just prior to a meeting with the present attorneys on December 4, 1989. In her affidavit she elaborates on her lack of knowledge as follows: 6. * * * Until just prior to my meeting with my attorneys on December 4, 1989, I was never informed and had absolutely no knowledge that a Tax Court Petition was filed on my behalf; I have never received *52 any correspondence from the court or the Respondent relative to this case, nor have I ever received any correspondence from Harry Rider or my husband relative to this case. My husband never informed me that a dispute existed with regard to our 1977 and 1978 joint federal income tax returns, and I had absolutely no knowledge that such a dispute existed until my husband informed me just prior to consulting with my attorneys on December 4, 1989. *53 7. I never authorized, nor did I intend for Mr. Rider to represent my interests relative to the filing of a Tax Court Petition on my behalf. I do not accept nor do I ratify Mr. Rider's representation of me or his filing of a Tax Court Petition on my behalf. The affidavit of petitioner Melvin Slavin repeats essentially the same facts with some further elaboration as to his reasons for not telling his wife about the tax case, his embarrassment and humiliation over the tax matter. The Court accepts as true the statements in Mrs. Slavin's affidavit. The Court also accepts as true the statements in petitioner Melvin Slavin's affidavit, except any statements that might be read as tending to implicate the late Mr. Rider in what could be viewed as a fraud upon this Court, i.e., bringing a lawsuit on behalf of a taxpayer without that taxpayer's knowledge and consent, express or implied. See n.6, supra, and Toscano v. Commissioner, supra.
Accepting as we do the factual representations in Mrs. Slavin's affidavit, we find she knew nothing about the notice of deficiency or this litigation in the Tax Court. Of course, as pointed out in the legal memorandum *54 accompanying her present motion, a taxpayer can ratify a petition filed without her knowledge, either expressly or impliedly ratifying so that the Court acquires jurisdiction over that person. See Kraasch v. Commissioner, 70 T.C. 623 (1978); Carstenson v. Commissioner, 57 T.C. 542 (1972); Hoj v. Commissioner, 26 T.C. 1074 (1956). By the same token, absent an intention to become a party and timely ratification, this Court has no jurisdiction over the person and must dismiss the case. Abeles v. Commissioner, 90 T.C. at 108-109; Hazim v. Commissioner, 82 T.C. 471 (1984); Brooks v. Commissioner, 63 T.C. 709 (1975). Mrs. Slavin has not and does not ratify the actions of Mr. Rider in filing the petition in this case, saying in her affidavit "I do not accept nor do I ratify Mr. Rider's representation of me or his filing of a Tax Court Petition on my behalf." Also, there are no facts to show that she impliedly ratified that action. Thus, we have no jurisdiction over Mrs. Slavin and the case *55 must be dismissed as to her. Accordingly, an order will be entered dismissing the case as to Mrs. Slavin for lack of jurisdiction and changing the caption of the case to reflect petitioner Melvin Slavin as the sole petitioner. The Court will thereupon enter a decision in the case solely as to him. As to Mrs. Slavin's alternative innocent spouse claim, there is the same jurisdictional impediment to our considering that issue. As in the case of Mrs. Abeles, here the Court did not have jurisdiction over Mrs. Slavin at any time during the proceedings or at the time it entered the decision on September 13, 1989, because Mrs. Slavin never petitioned this Court. Abeles v. Commissioner, 90 T.C. at 109. Also, as in the case of Mrs. Abeles, to the extent that we have since acquired jurisdiction over Mrs. Slavin it has been for the limited purpose of vacating the decision entered against her at a moment when we lacked jurisdiction over her and of acting on the pending motion to state the reasons for our vacating that decision. See n.1, supra. However, again as in Abeles v. Commissioner, supra, we have not acquired general jurisdiction over Mrs. Slavin in *56 this case since she has never filed a petition in this Court, and the time for filing such a petition has long since elapsed. Sec. 6213(a); see n.5, supra. Accordingly, we cannot act upon petitioner's alternative innocent spouse claim. However, if Mrs. Slavin believes she has a proper innocent spouse claim within the meaning of section 6013(e), she is not without judicial recourse. She may litigate the issue in a refund suit brought in the appropriate Federal District Court or in the United States Claims Court. This Court lacks jurisdiction over Mrs. Slavin and can rule neither for or against her on any of the tax issues. An appropriate order will be issued dismissing this case as to petitioner Sandra Slavin for lack of jurisdiction and changing the caption to reflect the dismissal. A decision will be entered in the case for the deficiencies and addition due from petitioner Melvin Slavin. Footnotes
1. By order dated December 6, 1989, we granted petitioners' Motion for Leave to File Belated Motion to Vacate, filed and granted petitioners' Verified Motion to Vacate Decision and at that time vacated the decision that had been entered on September 13, 1989, granted petitioners' Motion for Leave to File Belated Motion to Reconsider and at that time filed the Verified Motion to Reconsider Decision. As we noted in the order dated December 6, 1989, the pending motion was filed under Rule 161, Tax Court Rules of Practice and Procedure, and possibly should be entitled "Verified Motion to Reconsider Opinion↩." In any event, it is this motion which is now before us and which we will use as the vehicle to set forth our reasons for vacating the decision entered on September 13, 1989.
2. The date of a decision of this Court is the date an order specifying the amount of the deficiency is "entered" in the records of the Tax Court, here September 13, 1989. Sec. 7459(c). Any appeal of a decision of the Tax Court must be taken by filing a notice of appeal within 90 days after the decision is entered, here by December 12, 1989. Sec. 7483. A decision of the Tax Court becomes "final" upon "the expiration of the time allowed for filing a notice of appeal, if no such notice has been duly filed within such time." Sec. 7481(a)(1). In other words, the decision in this case would have become final on December 12, 1989, absent a timely notice of appeal or a timely motion to vacate. Under Rule 13(a) of the Federal Rules of Appellate Procedure, the running of the time for appeal is terminated as to all parties by a timely motion to vacate or revise a decision made pursuant to the Rules of Practice and Procedure of the Tax Court, and the "full time for appeal commences to run and is to be computed from the entry of an order disposing of such motion, or from the entry of decision, whichever is later." However, to eliminate any possible ambiguity arising here out of timeliness vel non of the motion to vacate or the caption of the motion now before us (see n.1, supra↩), the Court vacated the decision on December 6, 1989.
3. It is within the Court's discretion whether to permit the filing of a motion under our Rule 161 or Rule 162 out of time. Heim v. Commissioner, 872 F.2d 245 (8th Cir. 1989), affg. an order of this Court; Abatti v. Commissioner, 859 F.2d 115, 117-118 (9th Cir. 1988), affg. 86 T.C. 1319↩ (1986). Accepting as we do petitioners' representations in their affidavits that Mrs. Slavin deferred to her husband and did not participate in any business or tax matters, we note that there is nothing in the papers filed with the Court to suggest that Mrs. Slavin, had she been fully apprised of all of the facts at the time the petition was filed, would have advanced an innocent spouse claim. Petitioner Melvin Slavin, on the advice of Mr. Rider, apparently felt confident he would prevail on his theory of the case (the insolvency exception to forgiveness of indebtedness income). Mr. Slavin says that Mr. Rider gave him "assurance that this tax dispute would be resolved in my favor." By petitioning the case in both names, Mr. Slavin effectively precluded the Internal Revenue Service from assessing the tax against either spouse for the entire period the case is pending in the Tax Court, i.e., until the decision of the Tax Court becomes final. Sec. 6213(a).
4. The pending motion states, inter alia, that "This court has already found, as a matter of fact, that Sandra is only a party in this case solely because she filed a joint return with her husband." Petitioners misperceive the meaning of that rather banal statement that frequently appears in Tax Court opinions. The statement merely means that petitioner Sandra Slavin did not participate in the business transaction or transactions out of which the tax issue or issues arose. The statement does not change the joint and several liability for any deficiency in tax arising out of the fact that the spouses filed joint tax returns. Sec. 6013(d)(3). Also the statement certainly has no relevance as to this Court's jurisdiction over either the subject matter of the case or a party to the case. Secs. 6212, 6213. ↩
5. Personal service or actual receipt of the notice of deficiency is not required. It is sufficient if respondent properly mailed the notice of deficiency to Mr. and Mrs. Slavin at their "last known address." Sec. 6212(b); Mulvania v. Commissioner, 81 T.C. 65 (1983); Frieling v. Commissioner, 81 T.C. 42 (1983). Here the notice of deficiency was properly mailed to Mr. and Mrs. Slavin at their last known (and correct) address, and was in fact received by Mr. Slavin. Thus, the notice of deficiency was valid as to Mrs. Slavin despite the fact that she did not receive it or have any personal knowledge of its existence. See and compare Abeles v. Commissioner, 91 T.C. 1019↩ (1988), where the deficiency notice was not mailed to the wife's last known address. 6. A petition in the Tax Court need not be signed by the taxpayers and may be signed by their counsel. Rule 23(a)(3); Rule 24(a). The affidavit of petitioner Melvin Slavin, in paragraph 5, recites that I alone engaged the services of Harry Rider to represent me in petitioning the Tax Court for relief from the proposed deficiency in tax. I never told my wife, Sandra, that Harry Rider represented me before the Tax Court, nor did I tell her that a trial ever occurred until just prior to meeting with our new attorneys on December 4, 1989. [Emphasis added.] The notice of deficiency was addressed to both spouses and the petition was filed in the names of both spouses. The Court does not read Mr. Slavin's affidavit as stating that Mr. Rider knew that he was not authorized to represent Mrs. Slavin. Filing a lawsuit on behalf of a person without that person's knowledge and consent, either express or implied, can constitute a fraud upon the Court. See Toscano v. Commissioner, 441 F.2d 930↩ (9th Cir. 1971).