68 F.3d 482
 76 A.F.T.R.2d 95-6897, 95-2 USTC P 50,584
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Roscoe C. WEBB, Jr., Petitioner-Appellant,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 94-70888.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1995.*
Decided Oct. 12, 1995.
 
 1
 Before: HALL and RYMER, Circuit Judges, and FITZGERALD, District Judge.**
 
 
 2
 MEMORADUM***
 
 
 3
 Webb appeals from the tax court's denial of his motion to vacate its 1991 decision assessing a deficiency for the 1981 tax year. Webb argues that the court lacked jurisdiction to assess him because he had already entered into a closing agreement with the IRS in 1988 that determined his liability for 1981. Because Sec. 7121(b) governing closing agreements is not jurisdictional in nature and because Webb did not move to vacate the decision until it was final, we affirm the decision of the tax court denying his motion to vacate.
 
 I.
 
 4
 The jurisdiction of the Tax Court is reviewed de novo. Billingsley v. CIR, 868 F.2d 1081, 1084 (9th Cir. 1989). A Tax Court judgment, if not appealed, becomes final ninety days after it is entered. 26 U.S.C. Secs. 7481(a)(1), 7483 (1995). In this case, the decision being challenged was entered on April 10, 1991, and became final on July 9, 1991. Webb first moved to vacate on December 9, 1991.
 
 
 5
 The Tax Court has jurisdiction to vacate a final decision only if (1) the decision of the Court was obtained by fraud on the Court, Abatti v. C.I.R., 859 F.2d 115, 117-18 (9th Cir. 1988), or (2) the Court lacked jurisdiction when the decision was entered, Abeles v. Commissioner, 90 T.C. 103, 105 (T.C. 1988).[1]
 
 
 6
 Once properly approved, a closing agreement is "final and conclusive, and ... in any suit, action, or proceeding, such agreement ... shall not be annulled, modified, set aside, or disregarded." 26 U.S.C. Sec. 7121(b). Although disputed, we will assume the validity of the 1988 closing agreement.
 
 II.
 
 7
 Webb contends that Sec. 7121(b) limits the jurisdiction of the Tax Courts. He argues that when the Tax Court entered a decision assessing him a greater deficiency than that assessed under the 1988 closing agreement, it disregarded that agreement, violated Sec. 7121(b), and thereby acted without jurisdiction. He argues that since the Court acted without jurisdiction, its decision can be vacated despite its finality.
 
 
 8
 Webb's collateral attack must fail because he cannot sustain his burden of proof as to the invalidity of the 1991 decision. Abales, 90 T.C. at 106.
 
 
 9
 To begin with, Sec. 7121(b) is not intended to be jurisdictional in nature. Webb correctly points out that the Tax Courts are limited in jurisdiction by statute, see 26 U.S.C. Sec. 7442, but he fails to show how Sec. 7121(b) is intended to be such a limit. While other statutes that place limits on the Tax Courts' jurisdiction clearly say so, see, e.g., 26 U.S.C. Sec. 6226(f), Sec. 7121(b) is conspicuously silent.
 
 
 10
 Furthermore, Sec. 7121(b)'s legislative history harms Webb more than it helps him. Section 606, 7121(b)'s predecessor, was aimed at discouraging the "constant reopening of closed cases." H.R. Rep. No. 2, 70th Cong., 1st Sess. 32 (1928). Congress feared that taxpayers would sign a closing agreement, see advantageous changes in the tax law, and attempt to reopen their cases; it wanted closing agreements to be final and not modifiable so as to prevent this. Limiting the jurisdiction of the Tax Courts is beyond this purpose. It is indeed ironic that the finality of this closing agreement has generated more litigation than it has prevented.
 
 III.
 
 11
 Even were we to accept Webb's contention that Sec. 7121(b) was jurisdictional, that would still not render the 1991 decision void. In Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371 (1940), the Supreme Court held that a bankruptcy decree issued under a statute that was later declared unconstitutional could not be collaterally attacked for lack of jurisdiction when none of the parties directly attacked the statute's constitutionality (or, alternatively, the court's jurisdiction). Id., 308 U.S. at 375-77. The Court held that although decrees issued under these circumstances may be "erroneous, and may, upon a writ of error, or appeal, be reversed for that cause ... they are not absolute nullities." Id. at 376 (internal quotation marks omitted). The Court further noted that this rule also applies when "the boundaries of a valid statute have been transgressed." Id. at 377. This Court has adopted this rule. Jones v. Giles, 741 F.2d 245, 248 (9th Cir. 1984).
 
 
 12
 The case at bar is directly analogous. Webb is collaterally attacking the Tax Court's jurisdiction because it transgressed the boundaries of Sec. 7121(b) by entering an order disregarding the 1988 closing agreement. Like the plaintiffs in Chicot County, Webb had the chance to challenge directly the court's actions but waited until five months after the decision was final to raise his objection. Webb's claim must therefore fail.
 
 IV.
 
 13
 Because the court's original decision is not void, we need not reach Webb's other arguments. The Tax Court decision is therefore AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 A third exception for mutual mistake is not recognized in the Ninth Circuit. Lasky v. Commissioner, 235 F.2d 97 (9th Cir. 1956), aff'd 352 U.S. 1027 (1957)