T.C. Memo. 1997-453


UNITED STATES TAX COURT


LARRY C. GAMSBY, Petitioner v. COMMISSIONER
OF INTERNAL REVENUE, Respondent


Docket No. 26224-95.                    Filed October 2, 1997.


Larry C. Gamsby, pro se.

Guy A. Bracuti and John C. Galluzzo, Jr., for respondent.


MEMORANDUM OPINION

ARMEN, Special Trial Judge: This matter is before the Court on petitioner's Motion for Leave to File Motion to Vacate Decision. As explained in greater detail below, we shall deny petitioner's motion.

Background

Larry C. Gamsby (petitioner) failed to file income tax returns for the taxable years 1991 and 1992. However, respondent received Forms 1099-NEC from 2 payors indicating that petitioner received nonemployee compensation in the amount of $24,910 and $26,673 for the taxable years 1991 and 1992, respectively.

Revenue Agent Joan Rice conducted an examination of petitioner's tax liability for 1991 and 1992. By letter dated November 22, 1994, Revenue Agent Rice forwarded a copy of her revenue agent's report to petitioner and advised petitioner that, despite the Forms 1099-NEC filed with respondent, the facts supported petitioner's contention that petitioner should be classified as an employee for the taxable years in issue.

On September 13, 1995, respondent issued a notice of deficiency to petitioner. In the notice, respondent determined that petitioner was liable for deficiencies in and additions to his Federal income taxes for 1991 and 1992 as follows:

| Year | Deficiency | Addition to Tax Sec. 6651(a)(1)[1] |
|------|-----------|-------------------------------------|
| 1991 | $6,164 | $1,541 |
| 1992 | 6,600 | 1,650 |

Contrary to the conclusion reached by Revenue Agent Rice in her report, respondent determined in the notice of deficiency that

---

[1] All section references are to the Internal Revenue Code, as amended; all Rule references are to the Tax Court Rules of Practice and Procedure.

petitioner was liable for self-employment tax in respect of the nonemployee compensation reported to respondent on the previously mentioned Forms 1099-NEC.

Petitioner filed an imperfect petition, followed by an amended petition, in which he contested liability for self-employment tax, as well as the amount of the compensation reportedly paid to him for the taxable years 1991 and 1992. At the time that the petition was filed, petitioner resided in Thorndike, Massachusetts.

By notice dated June 11, 1996, petitioner's case was set for trial on September 3, 1996, in Boston, Massachusetts. On August 6, 1996, Appeals Officer Richard Puzzo forwarded to petitioner a proposed form of decision and an audit report. The form of decision included a reduction in the amount of the deficiencies and additions to tax determined in the notice of deficiency, as follows:

| Year | Deficiency | Addition to Tax Sec. 6651(a)(1) |
|------|-----------|--------------------------------|
| 1991 | $4,413 | $1,103 |
| 1992 | 1,748 | 437 |

The accompanying audit statement clearly revealed: (1) Respondent computed the reduced deficiencies based on petitioner's receipt of nonemployee compensation (albeit in lower amounts relative to the amounts determined in the notice of deficiency); and (2) such compensation was subject to self-employment tax.

Petitioner and respondent executed the proposed form of decision and submitted the same to the Court. On September 5, 1996, the Court entered its decision utilizing the form of decision furnished by the parties.

Petitioner did not file a notice of appeal or a timely motion to vacate or revise the decision. Consequently, the decision became final on Wednesday, December 4, 1996, 90 days after it was entered. Sec. 7481(a)(1).

On July 14, 1997, petitioner filed his Motion for Leave to File a Motion to Vacate Decision. On August 11, 1997, respondent filed a response in opposition to petitioner's motion.

This matter was called for hearing at the Court's motions session held in Washington, D.C., on August 20, 1997. Counsel for respondent appeared at the hearing and presented argument in opposition to petitioner's motion. Although petitioner did not appear at the hearing, he did file a written statement with the Court pursuant to Rule 50(c).

Petitioner's Rule 50(c) statement includes allegations that the decision entered in this case should be vacated based on fraud on the Court as evidenced by the following: (1) Petitioner executed the form of decision with the understanding that he would be permitted to file an offer in compromise (based on doubt as to collectibility) in respect of his tax liabilities for 1991 and 1992; and (2) contrary to the form of decision, Revenue Agent

Rice made a prior determination in her letter dated November 22, 1994, that petitioner should be classified as an employee, rather than an independent contractor, for the taxable years 1991 and 1992.

Discussion

Section 7481(a)(1) provides the general rule that a decision of the Tax Court becomes final on expiration of the time to file a notice of appeal. Section 7483 provides that a notice of appeal generally must be filed within 90 days after a decision is entered. However, the 90-day appeal period may be extended if the taxpayer files a timely motion to vacate or revise the decision. Fed. R. App. P. 13(a). Pursuant to Rule 162, a motion to vacate or revise a decision must be filed within 30 days after the decision is entered, unless the Court allows otherwise.

As indicated, petitioner did not file a notice of appeal or a timely motion to vacate or revise the decision. Accordingly, the decision became final on December 4, 1996. See secs. 7459(c), 7481(a)(1).

The Tax Court generally lacks jurisdiction to vacate a final decision. Abatti v. Commissioner, 859 F.2d 115, 117 (9th Cir. 1988), affg. 86 T.C. 1319 (1986); Lasky v. Commissioner, 235 F.2d 97, 100 (9th Cir. 1956), affd. per curiam 352 U.S. 1027 (1957). The Court may vacate a final decision only in certain narrowly circumscribed situations. For instance, some courts have ruled

that this Court may vacate a final decision if the decision is shown to be void, or a legal nullity, for lack of jurisdiction over either the subject matter or the party, see <u>Billingsley v. Commissioner</u>, 868 F.2d 1081, 1084-1085 (9th Cir. 1989); <u>Abeles v. Commissioner</u>, 90 T.C. 103, 105-106 (1988); <u>Brannon's of Shawnee, Inc. v. Commissioner</u>, 69 T.C. 999, 1002 (1978), or if the decision was obtained through fraud on the Court.  See <u>Abatti v. Commissioner</u>, <u>supra</u>; <u>Senate Realty Corp. v. Commissioner</u>, 511 F.2d 929, 931 n.1 (2d Cir. 1975); <u>Stickler v. Commissioner</u>, 464 F.2d 368, 370 (3d Cir. 1972); <u>Casey v. Commissioner</u>, T.C. Memo. 1992-672.  In addition, the Court of Appeals for the Fifth Circuit has indicated that the Tax Court has the power in its discretion, in extraordinary circumstances, to vacate and correct a final decision where it is based on a mutual mistake of fact. See <u>La Floridienne J. Buttgenbach & Co. v. Commissioner</u>, 63 F.2d 630 (5th Cir. 1933.  But cf. <u>Harbold v. Commissioner</u>, 51 F.3d 618, 621-622 (6th Cir. 1995).

Petitioner contends that the decision in this case should be vacated due to fraud on the Court.  In <u>Abatti v. Commissioner</u>, <u>supra</u> at 118-119, the Court of Appeals for the Ninth Circuit defined the phrase "fraud on the court" as "an unconscionable plan or scheme which is designed to improperly influence the court in its decision" or a fraudulent act that "prevents the opposing party from fully and fairly presenting his case".  See

Toscano v. Commissioner, 441 F.2d 930, 933 (9th Cir. 1971); Kenner v. Commissioner, 387 F.2d 689, 691 (7th Cir. 1968). A party moving to vacate a final decision of the Tax Court bears a heavy burden of particularized pleading and proof. Abatti v. Commissioner, supra at 118; Drobny v. Commissioner, 113 F.3d 670 (7th Cir. 1997), affg. T.C. Memo. 1995-209, and cases cited therein.

Petitioner alleges that the decision in this case reflects fraud on the Court on the grounds that he was promised an opportunity to file an offer in compromise (based on doubt as to collectibility) for the taxable years 1991 and 1992 and that his status as an employee was determined by Revenue Agent Rice during the audit stage of the case. Regarding the submission of an offer in compromise, petitioner complains that he did not receive the necessary forms until January 1997 and that Internal Revenue Service personnel in Springfield, Massachusetts, refused to assist him in submitting the offer in compromise without some form of picture identification.

Considering all of the facts and circumstances, we hold that petitioner has failed to demonstrate that the decision entered in this case is the result of fraud on the Court.[2] Although

---

[2] The fact that respondent may have credited an overpayment of tax for another taxable year against petitioner's tax liabilities for the taxable years in issue does not constitute fraud on the Court. Sec. 6402(a).

petitioner may have executed the form of decision with the understanding that he would be permitted to file an offer in compromise, such an agreement is not reflected in the record presented. Moreover, even assuming that the parties agreed to such a procedure, the filing of an offer in compromise based on doubt as to collectibility, subsequent to entry of decision by the Court, does not provide a basis for setting aside what is otherwise a final decision.[3]

Petitioner's contention that Revenue Agent Rice determined petitioner's status as an employee during the audit stage of the case is likewise misplaced. The revenue agent's report that petitioner relies on is not a determination that is binding on either respondent or the Court. See Casey v. Commissioner, 38 T.C. 357, 381 (1962); Wilson v. Commissioner, 16 B.T.A. 1280, 1285 (1929); Gilmartin v. Commissioner, T.C. Memo. 1973-247. To the contrary, respondent's final determination regarding petitioner's tax liability for 1991 and 1992 is set forth in the notice of deficiency dated September 13, 1995. That notice clearly indicates that respondent determined that petitioner is liable for self-employment tax.

In sum, the decision entered in this case is now final, and petitioner has failed to persuade us that such decision

---

[3] At the hearing on petitioner's motion, counsel for respondent stated that petitioner was still free to file an offer in compromise based on doubt as to collectibility.

constitutes a fraud on the Court.  Therefore, it follows that we lack jurisdiction to vacate the decision in this case.

To reflect the foregoing,

<u>An order will be issued denying petitioner's Motion for Leave to File Motion to Vacate Decision.</u>