T.C. Memo. 2005-10

UNITED STATES TAX COURT

ROBERT T. BREWER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10661-02.              Filed January 25, 2005.

Robert T. Brewer, pro se.

<u>Thomas A. Friday</u>, for respondent.

MEMORANDUM OPINION

GOEKE, <u>Judge</u>:  This case is before the Court on petitioner's
motion to vacate a stipulated decision entered on September 13,
2004 (motion to vacate).  Petitioner's motion to vacate was
timely filed under Rule 162[1] on October 12, 2004.  Respondent

_____

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code as amended, and all Rule references are
to the Tax Court Rules of Practice and Procedure.

filed a response to petitioner's motion to vacate. Because petitioner has not shown that the circumstances of the settlement warrant our vacating the decision, we shall deny petitioner's motion to vacate.

Background

On April 1, 2002, respondent issued a notice of deficiency to petitioner determining a deficiency of $58,812 in petitioner's 1999 Federal income tax. The notice of deficiency also determined additions to tax for 1999 under sections 6651(a)(1) and (2) and 6654(a) of $12,382.65, $4,677.89, and $2,622.75, respectively. Respondent issued the notice of deficiency as a result of petitioner's failure to timely file his 1999 Federal income tax return. On June 24, 2002, petitioner timely filed a petition challenging respondent's determination. In November 2002, petitioner filed his 1999 return. As a result, petitioner and respondent were thereafter able to resolve many of the issues raised in the notice of deficiency.

This case was calendared for the Court's trial session in Mobile, Alabama, beginning on September 7, 2004. On the morning of the Court's calendar call, petitioner and counsel for respondent, Mr. Friday, met and executed a stipulated decision. Petitioner and Mr. Friday then appeared before the Court and informed the Court that a settlement had been reached. The stipulated decision was submitted to the Court on September 7,

2004, signed by petitioner and Mr. Friday.  On September 13, 2004, the Court entered the stipulated decision.

The first page of the decision reflects that there is a deficiency of $4,878 in petitioner's 1999 Federal income tax and that petitioner is not liable for any additions to tax.  Page 2 of the decision states:

> It is hereby stipulated that the Court may enter the foregoing decision in this case.
>
> It is further stipulated that interest will be assessed as provided by law on the deficiency due from petitioner.
>
> The above deficiency does not take into account withholding credits of $3,778.00 made for the taxable year 1999 by the petitioner.
>
> It is further stipulated that, effective upon the entry of this decision by the Court, petitioner waives the restrictions contained in I.R.C. § 6213(a) prohibiting assessment and collection of the deficiency (plus statutory interest) until the decision of the Tax Court becomes final.

The decision bears the signatures of petitioner and Mr. Friday on page 2.

## Discussion

Rule 162 allows a party to file a motion to vacate or revise a decision within 30 days after the decision has been entered, unless the Court "shall otherwise permit" that 30-day period to be extended, but Rule 162 does not provide a standard by which this Court should evaluate a motion to vacate a decision.  Rule

1(a), however, provides that we may give weight to the Federal Rules of Civil Procedure "to the extent that they are suitably adaptable to govern the matter at hand".

Rule 60 of the Federal Rules of Civil Procedure provides certain circumstances in which a Federal court may vacate or alter a judgment, order, or other part of the record.  We have often looked to rule 60 of the Federal Rules of Civil Procedure to assist us in resolving issues raised in motions to vacate decisions under Rule 162.  See, e.g., Brannon's of Shawnee, Inc. v. Commissioner, 69 T.C. 999, 1001 (1978); Kun v. Commissioner, T.C. Memo. 2004-273; Estate of Miller v. Commissioner, T.C. Memo. 1994-25.

Rule 60(a) of the Federal Rules of Civil Procedure provides that the court may correct clerical mistakes and errors arising from oversight or omission at any time of its own initiative or on the motion of a party.  As relevant here, rule 60(b) provides that, on motion and upon such terms as are just, the court may relieve a party of a final judgment for

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud * * *, misrepresentation, or other misconduct of an adverse party; * * * (6) any other reason justifying relief from the operation of the judgment. * * *

In addition, this Court has applied a more stringent standard in evaluating motions to enter decisions or vacate

settlement agreements where, shortly before trial, the parties agreed to a settlement and caused the vacation of the trial date. In such cases, we have held the settlements to be enforceable unless the moving party can show a lack of formal consent, mistake, fraud, or some similar ground.  See Dorchester Indus., Inc. v. Commissioner, 108 T.C. 320, 335 (1997), affd. 208 F.3d 205 (3d Cir. 2000); Stamm Intl. Corp. v. Commissioner, 90 T.C. 315, 321-322 (1988).  We believe that petitioner should be held to this more stringent standard, rather than that stated in rule 60 of the Federal Rules of Civil Procedure for vacation of decisions.  Here, the parties reached a settlement shortly before trial, and the trial date was vacated as a result of that settlement.  Our subsequent entering of the decision should not lessen the standard to which petitioner, as the moving party, must be held.

Petitioner argues that the decision should be vacated for various reasons.  First, petitioner objects to the decision because it does not show that his net tax due is $1,100.  The $1,100 appears to reflect the difference between petitioner's deficiency for 1999 ($4,878), and the amount of petitioner's withholding credits for 1999 ($3,778), both of which are shown in the decision.  Respondent agrees that petitioner's net tax due for 1999 is $1,100, excluding interest.  Because petitioner and

respondent agree that petitioner's net tax due is $1,100, this argument does not require any further discussion.

Next, petitioner claims that he did not see the first page of the decision when he signed the decision at the calendar call because the document he signed was not a stapled 2-page document. Petitioner asserts that he did not see the first page of the decision, on which the deficiency amount was shown, until he received the decision by mail after it had been entered by the Court. Even if we accepted this implausible assertion as true, it would not warrant our vacating the decision. Even if petitioner did not see the first page of the decision when he signed the decision, it was petitioner's responsibility to know and understand what he was signing. The second page of the decision has a number "2" at the top, and the first words appearing on that page refer to "the above deficiency". Clearly, this is the second page of a document, and petitioner was free to refuse to sign it if he was not presented with both pages.

Petitioner next asserts that his signature on the decision was "coerced, a product of threats and harassment" by Mr. Friday. Petitioner's assertions of threats and harassment are unsupported even by his own version of the facts surrounding the settlement.

Lastly, petitioner raises concerns that the interest he will owe will not be computed correctly, and he objects to his owing interest for the period between the date he filed his 1999 income

tax return and the date of settlement. This Court has jurisdiction over matters involving interest only in limited circumstances. <u>Med James, Inc. v. Commissioner</u>, 121 T.C. 147, 152 (2003). We may determine whether a taxpayer has made an overpayment of interest or the Secretary has made an underpayment of interest under section 7481(c)(1) and (2)(A) when: (1) A motion to redetermine interest has been filed within 1 year after the date the decision of the Tax Court becomes final under section 7481(a); (2) the Secretary has made an assessment under section 6215 that includes interest; and (3) the taxpayer has paid the entire amount of the deficiency plus the entire amount claimed by the Secretary as interest on the deficiency. Rule 261; sec. 7481(c)(1) and (2)(A); <u>Med James, Inc. v. Commissioner</u>, <u>supra</u> at 152. We shall address these requirements in turn.

First, petitioner has not filed a timely motion for redetermination under Rule 261; the Tax Court decision in this case is not yet final. Secs. 7481(a), 7483; <u>Kenner v. Commissioner</u>, 387 F.2d 689, 690 (7th Cir. 1968). Second, section 6601(g) allows respondent to assess interest at any time during the period within which the tax to which the interest relates may be collected. Nothing in the record indicates that the interest in this case has been assessed for 1999. Lastly, petitioner has not demonstrated that he paid any interest. Therefore, we do not have jurisdiction to redetermine the interest on petitioner's 1999 deficiency under section 7481(c).

In addition, we do not have jurisdiction to abate the interest on petitioner's 1999 deficiency. Under section 6404(h)(1), the Tax Court may review the Secretary's failure to abate interest only after the Secretary makes a final determination not to abate interest. See also Rule 280(b). Petitioner has not demonstrated that respondent has made a final determination with respect to abatement of the interest on petitioner's 1999 deficiency.

To reflect the foregoing,

An order will be issued denying petitioner's motion to vacate the stipulated decision entered September 13, 2004.